IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TYRONE YOUMUS,

        Petitioner,

VS.

CIVIL ACTION NO.: 1:07-CV-17 (WLS)

STATE OF GEORGIA SUPREME
COURT,

        Respondent.

**ORDER**

v. Youmus et al     Doc. 4

Petitioner **TYRONE YOUMAS**, an inmate at the Federal Correctional Institution in Marianna, Florida, has filed a *pro se* civil action. He has entitled this action "Petition for Writ of Mandamus and Prohibition Directed to the Supreme Court, for the State of Georgia."

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears petitioner is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Petitioner's submissions indicate that he is unable to pay the initial partial filing fee.

Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, petitioner will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of petitioner shall forward said payments from petitioner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where petitioner is confined.

## II. DISCUSSION

Apparently petitioner filed a writ of habeas corpus in the Thomas County Superior Court in February 2005. Petitioner states that in April 2006, the superior court denied his request for relief. Petitioner alleges that in May 2006, he filed an Application for a Certificate of Probable Cause to Appeal. According to petitioner, the Supreme Court of Georgia has yet to rule on this application. Petitioner requests that this Court "issue a Writ of Mandamus instructing the Supreme Court of Georgia to rule on [the] application and to resolve the Constitutional Violation[s]."

In order to proceed in federal court, the court must have jurisdiction over the action. Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See Willy v. Coastal Corp.*, 503 U.S. 131 (1992). Moreover, "[a] petitioner invoking a federal court's jurisdiction must establish this jurisdiction in the petition. ***Anderson v. Judge Douglas Johnstone***, No. 97-1176-CB-S, 1998 U.S. Dist LEXIS 3189 at *2 (S.D. Ala. Jan. 7, 1998) (citing ***Taylor v. Appleton***, 30 F.3d 1365, 1367 (11th Cir. 1994)).

In this case, petitioner states that the basis on which he is invoking this Court's jurisdiction is 28 U.S.C. § 1651–"The All Writs Act." "However, 28 U.S.C. § 1651 'creates no jurisdiction in the district courts. It empowers them only to issue writs in aid of their jurisdiction previously

acquired on some other independent ground'." *Anderson v. Judge Douglas Johnstone*, No. 97-1176-CB-S, 1998 U.S. Dist LEXIS 3189 at *4 (S.D. Ala. Jan. 7, 1998) (quoting *Brittingham v. Comm'r*, 451 F.2d 315, 317 (5th Cir. 1991)). Petitioner has shown no such "independent ground" for jurisdiction.[1] *Id*.

Moreover, this Court has no authority to compel the Supreme Court of Georgia to take any action. Federal mandamus is available only "to compel an officer or employee of the United States ... to perform a duty owed to the petitioner." 28 U.S.C. § 1361. Actions in the nature of mandamus to direct state or local officials in the performance of their duties are not within the jurisdiction of the United States District Courts under 28 U.S.C. § 1361. *See Ferguson v. Alabama Crim. Justice Info. Ctr.*, 962 F. Supp. 1446 (M. D. Ala. 1997); *Noe v. Metropolitan Atlanta Rapid Transit Auth.*, 485 F. Supp. 501 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (11th Cir.).

For these reason, petitioner's "Petition for Writ of Mandamus and Prohibition Directed to the Supreme Court, for the State of Georgia" action is **DENIED** and the case is **DISMISSED**.

**SO ORDERED**, this ___ day of February, 2007.

W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE

lnb

---

[1] The Court notes that it has reviewed the petition and can find no basis for jurisdiction. Petitioner does not allege that the Court has jurisdiction pursuant to diversity of citizenship under 28 U.S.C. § 1332. Although petitioner is currently incarcerated in Florida, "a prisoner does not acquire a new domicile in the place of his imprisonment. Instead, he retains the domicile he had prior to his incarceration." *Lima v. Diaz*, No. 95-734, 1995 U.S. Dist. LEXIS 18917, at *3-4 (M. D. Fla. December 18, 1995); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). It appears that, prior to incarceration, petitioner resided in Georgia.